(22 Misc. Rep. 6.)

### PERRY v. ERB.

(City Court of New York, General Term. December 11, 1897.)

COMPROMISE—CONSTRUCTION OF CONTRACT.
> Defendant offered to pay to plaintiff, in settlement, a certain amount, representing the cost of alterations and repairs to a house owned by defendant's wife, "except item of $315, claim of Mr. Schacteler," and plaintiff, in accepting the offer, referred to this claim as "subject to arbitration." In an action to recover this item, *held*, that the agreement, properly construed, excepted that claim from those assumed by defendant.

Appeal from special term.

Action by Charles O. Perry against Newman Erb. From a judgment dismissing the complaint at the close of the testimony, plaintiff appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Otis & Pressinger, for appellant.

Stern & Rushmore, for respondent.

CONLAN, J. The action is brought to recover the amount of a disputed item in an account between the plaintiff and one Theresa Erb, the wife of the defendant, and which, it is claimed, the defendant became liable to pay upon an agreement for the adjustment and settlement of accounts between the original parties to the transaction. The contract was for the cost of certain alterations and repairs to a house owned by Theresa Erb, and the amount due was finally adjusted at the sum of $10,600, which the defendant agreed to pay in installments, and did pay them as they severally became due. There was, moreover, in addition to this sum of $10,600, an item of $315 for making and furnishing certain bookcases, and under the terms of settlement it is referred to in an exhibit, introduced in evidence by the plaintiff, in the following language: "Except item of $315, claim of Schacteler;" and subsequently the plaintiff wrote the defendant with reference to this very item in the following significant language: "On accepting offer to compromise and pay the original claim and an item of $315 of Mr. Schacteler's bill for bookcases in library, which is subject to arbitration." So that we have the defendant agreeing to pay the claim at the compromised amount, except item of $315, claim of Schacteler, and the plaintiff's acceptance of the proposition in the language quoted above, as to the item in dispute. Now, before any action could be maintained by the plaintiff as regards this particular item of $315, there was a condition precedent to be performed, and this, upon the plaintiff's own construction of the alleged contract; and it became necessary to prove that arbitration had ensued or been offered before the action could be maintained. If, as plaintiff contends, the arbitration was one to be had between the defendant and Schacteler, there was to be no liability until such arbitration had actually taken place or had been offered, and the proof was the same as in the former instance, and failure to present such proof tended to defeat the right of the plaintiff to recover against the defendant in this action. But we do not think that the evidence warranted the interpretation insisted upon by the plaintiff. Why should the defendant be subjected to the vexations and expense of arbitration concerning an item which he had especially excepted from the terms of settlement, and to which the plaintiff had agreed, as seen by his letter accompanying the defendant's proposition for payment. The language used was as forcible as it was possible to employ, yet we are asked to say that, notwithstanding this very exception, the defendant was still to assume liability for Schacteler's claim. If, therefore, the item was excepted by the defendant, is it not more reasonable to suppose that its dispute was to become a matter of arbitration between the plaintiff and Schacteler, for the defendant had not expressed any wish or intention of arbitrating it with any one. The dispute presented by the evidence upon this precise point was not of such a character as called for the consideration of the jury. We think the case was correctly disposed of by the trial justice on the motion to dismiss the complaint.

The judgment must therefore be affirmed, with costs.

O'DWYER, J., concurs.